MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
MAYA SORENSEN   (State Bar No. 250722
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Facsimile:   (510) 452-5510

Attorneys for Plaintiff
DANIELLE HARMON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE HARMON, individually,<br><br>                    Plaintiff,<br>vs.<br><br>CITY OF SANTA CLARA, a public entity; CITY OF SANTA CLARA POLICE CHIEF MICHAEL SELLERS; SANTA CLARA POLICE OFFICERS MARK SHIMADA, MITCHELL BARRY, PETER STEPHENS, SERGEANT GREGORY D. HILL, DETECTIVE GREG DEGER, and DOES 1-10, Jointly and Severally<br><br>                    Defendants. | No:<br><br>Hon.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

Plaintiff, by and through her attorneys, HADDAD & SHERWIN LLP, for her Complaint against Defendants, states as follows:

## JURISDICTION AND INTRADISTRICT ASSIGNMENT TO SAN JOSE DIVISION

1. This is a civil rights action arising from Defendants' unreasonable search and seizure, and use of excessive force, against Plaintiff DANIELLE HARMON ("Plaintiff"), on or about April 12, 2016, in the City of San Jose, Santa Clara County, California.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law.

2. A substantial part of the events and/or omissions complained of herein occurred in the City of San Jose, Santa Clara County, California, and this action is properly assigned to the San Jose Division of the United States District Court for the Northern District of California, pursuant to Civil Local Rule 3-2(e).

## PARTIES AND PROCEDURE

3. Plaintiff DANIELLE HARMON is a resident of the State of California.

4. Defendant CITY OF SANTA CLARA is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the SANTA CLARA Police Department ("SCPD") which employs other defendants in this action.

5. Defendant CITY OF SANTA CLARA, CHIEF OF POLICE MICHAEL SELLERS at all material times was the Chief of Police for the Santa Clara Police Department, and was acting within the course and scope of that employment.  In that capacity, Defendant SELLERS was a policy making officer for the CITY OF SANTA CLARA.

6.      Defendant DETECTIVE GREG DEGER at all material times was employed as a law enforcement officer by SCPD and was acting within the course and scope of that employment.

7.      Defendant OFFICER PETER STEPHENS at all material times was employed as a law enforcement officer by SCPD, and was acting within the course and scope of that employment.

8.      Defendant OFFICER MARK SHIMADA at all material times was employed as a law enforcement officer by SCPD, and was acting within the course and scope of that employment.

9.      Defendant SERGEANT GREGORY D. HILL, at all material times was employed as a law enforcement officer by SCPD and was acting within the course and scope of that employment.

10.     Defendant OFFICER MITCHELL BARRY, at all material times was employed as a law enforcement officer by SCPD, and was acting within the course and scope of that employment.

11.     Defendant City of Santa Clara has refused to produce records and police reports in response to Plaintiff's lawful requests for complete records and information.  Plaintiff reserves the right to amend this complaint with further facts and substituting individuals for Doe Defendants after receiving Defendants' reports and records in this matter.

12.     The true names and capacities of other Defendants sued as DOE 1-10 ("DOE DEFENDANTS") are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE DEFENDANT was an employee of either the CITY OF SANTA CLARA or the CITY OF SAN JOSE, and at the time of these events was acting as an agent of the CITY OF SANTA CLARA and at all material times acted within the course and scope of that relationship.  Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to

Plaintiff.  Further, one or more DOE DEFENDANTS was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE DEFENDANT.

13.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

14.     At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant in the conduct described herein including the wrongful search, seizure, and use of excessive force against the Plaintiff, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

15.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the CITY OF SANTA CLARA.

16.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of Defendant CITY OF SANTA CLARA.

17.     Plaintiff brings these claims as Private Attorney General, to vindicate not only her own rights but others' civil rights of great importance.

18.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

# **GENERAL ALLEGATIONS**

19.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

20.     On or about April 12, 2016, at about 5:00p.m., at 1450 Emory Street, San Jose, California, at the request and initiation of Defendant OFFICER SHIMADA, Defendants DETECTIVE SERGEANT HILL, OFFICER BARRY, OFFICER STEPHENS, and OFFICER DEGER, acting as integral participants, wrongfully entered and searched the home of Plaintiff DANIELLE HARMON.  Defendants demanded to know the whereabouts of Plaintiff's fifteen-year-old daughter, Jazmyne, who Defendants stated they were coming to arrest for a possible crime that had happened at Jazmyne's school on April 4, 2016.  Defendants had no warrant to arrest Jazmyne or anyone else in Plaintiff's home.  Defendants had no warrant to enter Plaintiff's home, no consent, and no legal justification to do so either. Plaintiff had committed no crimes, and behaved peacefully and lawfully throughout the incident.  Defendant HILL kicked in Plaintiff's door, illegally forcing Defendants' way into Plaintiff's home, and Defendants STEPHENS, BARRY, and DOE joined or fundamentally assisted the forced entry, and all four Defendants illegally searched Plaintiff's home. In the course of this illegal entry, and Plaintiff's protest of it, Defendant BARRY, assisted by Defendants HILL and STEPHENS, grabbed Plaintiff and very forcefully threw her through her doorway, slamming her into a rock and mortar outcropping on her porch, and shattering both the rock and Plaintiff's left leg.  Plaintiff never threatened officers, and Defendants had no justification to use any force against Plaintiff.

21.     On April 4, 2016, Plaintiff and her daughter Jazmyne spoke with Defendant OFFICER SHIMADA regarding a fire that happened at Santa Clara High School earlier that day. Defendant SHIMADA later reported that he lacked probable cause to arrest Jazmyne at that time, and that he had no intention to detain or arrest Jazmyne.  Several minutes into the conversation,

SHIMADA began to accuse Jazmyne of setting the fire.  Plaintiff immediately stopped the conversation asserting her daughter's right to counsel and right to remain silent.  She told SHIMADA that he could not speak to Jazmyne without an attorney present.  Plaintiff and her daughter left the meeting with SHIMADA.

22.     The next day, April 5, 2016, based on a rumor at school that there was a warrant for Jazmyne's arrest, Plaintiff called the Santa Clara Police Department and was told that there was no warrant for Jazmyne's arrest.

23.     Later that day, April 5, 2016, Plaintiff was driving near Santa Clara Central Park looking for Jazmyne when she noticed a police car driven by Defendant SHIMADA.  He appeared to be following her.  Plaintiff pulled into a 7-Eleven parking spot and turned off her car's engine.  Defendant SHIMADA and another officer pulled up behind her car to block Plaintiff from leaving.  SHIMADA then knocked on her car's window.  Plaintiff did not feel free to leave as Defendant SHIMADA was blocking her car from leaving.  Defendant SHIMADA had detained Plaintiff without any legal cause.  Plaintiff exited her vehicle and SHIMADA asked her if she had called him.  She informed him she had not called.  SHIMADA then demanded to know where Plaintiff's daughter was. Plaintiff informed SHIMADA she did not know where Jazmyne was.  SHIMADA informed her in an angry tone that if SHIMADA saw Jazmyne he would arrest her.  Plaintiff informed him that she and her daughter had obtained counsel and SHIMADA could not talk to Jazmyne without counsel present.

24.     Over the next several days, Defendant SHIMADA had a number of conversations with Jazmyne's attorney, Brendan Barrett, concerning the SCPD investigation of the fire.

25.     On April 6, 2016, attorney Barrett met with Defendant SHIMADA at the SCPD, and on information and belief, informed Defendant SHIMADA that the SCPD did not have probable cause to arrest Jazmyne, and therefore, Jazmyne would not surrender to the authorities at that time.

26.     On information and belief, Defendant SHIMADA went on personal vacation from April 7 until April 12, 2016.  Neither Defendant SHIMADA, nor any other Defendant or member of the SCPD or other law enforcement authority ever made any effort whatsoever to secure an arrest warrant for Jazmyne at any time.

27.     On or about April 12, 2016, on information and belief, Defendant SHIMADA falsely told Defendant HILL, the leader of the Santa Clara Police Department's tactical "Special Enforcement Team" (SET), that Plaintiff was uncooperative, adversarial, and confrontational, and SHIMADA requested that HILL and his SET arrest Plaintiff's daughter in her home, *without a warrant*.  The following violations of Plaintiff's rights and Plaintiff's injuries were initiated and set in motion by the conduct of Defendant SHIMADA.

28.     On information and belief, the decision of Defendant SCPD Officers SHIMADA, HILL, BARRY, STEPHENS, DEGER, and possibly a DOE Defendant, to immediately arrest Plaintiff's daughter in Plaintiff's home without a warrant -- and to do so forcefully should Plaintiff continue to assert her and her daughter's constitutional rights -- was in retaliation for Plaintiff's previous assertion of her and her daughter's constitutional rights (that Defendants chose to construe as "uncooperative, adversarial, and confrontational"), including the right to counsel, the right to remain silent, and the rights to the be free from unreasonable entry of her home and unreasonable seizure of her daughter without probable cause and a lawful warrant.

29.     At approximately 5:00 p.m., on April 12, 2016, Defendant SCPD Officers HILL, BARRY, STEPHENS, DEGER and possibly a DOE Defendant arrived in plain clothes, in unmarked cars, at Plaintiff's home.  Upon Defendant SHIMADA's request and initiation, these Defendants, acting as the SCPD Special Enforcement Team, intended to arrest Jazmyne in her home without a warrant.  Plaintiff was in her front yard when she noticed several large young men in

street clothes walking up the street from a neighbor's house, and not realizing they were Defendant

SCPD officers, Plaintiff entered her home and shut the door.

30.     Defendants HILL, BARRY, STEPHENS, DEGER, and possibly a DOE Defendant

arrived at Plaintiff's home moments later and began to pound on Plaintiff's door demanding to be let

in.  Plaintiff told Defendant HILL that she wanted to see a warrant.  HILL replied that they did not

have a warrant.  Plaintiff informed him, "then you are not coming into my house."  HILL then said

that "you either let us in or we break down the door." Another officer, on information and belief,

Defendant DEGER, started to go around the side of the house to the backyard, at which point

Plaintiff yelled through the closed window that there was a gate to the backyard, and he did not

have her permission to enter.  On information and belief, Defendant DEGER remained

fundamentally and integrally involved, providing armed backup and support to the other

Defendants.

31.     While she was on the phone with her daughter's attorney, Plaintiff informed

Defendant HILL that her attorney advised her that he could not enter the house without a warrant.

Defendant HILL replied "Tell him it's fresh pursuit", which the attorney heard him say because the

phone was on speakerphone.    SET leader, Defendant Hill, later wrote in his report that Defendants

knowingly broke Plaintiff's door, forcefully entered Plaintiff's home, and arrested Plaintiff's

daughter without a warrant, because they concluded that they were in "fresh pursuit" of Plaintiff's

daughter from the school incident that happened over eight days earlier, and during the investigation

of which, the lead investigator, Defendant SHIMADA, had gone on a five day vacation.

32.     Defendant HILL next told Plaintiff to step back because he was going to kick the

door down. When he did so,  Plaintiff put her hand up and pushed the door away so that it would

not hit her.  Once inside, Defendants HILL and BARRY grabbed Plaintiff by the shoulders,

possibly assisted by Defendant STEPHENS and/or a DOE Defendant, and threw her in a flipping

motion from the kitchen over the threshold of the kitchen door, smashing her ankle into a stone pillar, and breaking both her leg and the stone pillar. Plaintiff  immediately felt extreme pain, and told Defendants "you broke my leg, it's broken."  Defendants BARRY and STEPHENS handcuffed Plaintiff when she was on the ground while Plaintiff cried in pain.  One of the Defendants told her to calm down, but once he looked at Plaintiff's ankle, he could see that it was obviously twisted and severely fractured.  Defendant BARRY stayed near her, searched her pockets and read a piece of mail she had in her pocket at which point Plaintiff asked him why he was reading her mail.

33.    Although Plaintiff posed no safety threat, while the Defendants went into her home, she was handcuffed with her arms behind her back and was in extreme pain.  Plaintiff was held in custody, handcuffed, for several minutes.  Defendants found Plaintiff's daughter, Jazmyne, upstairs taking a shower, and arrested Jazmyne without a warrant.  Defendant HILL later reported that Plaintiff was released at the scene pursuant to Penal Code section 849.  Plaintiff was transported by ambulance to a hospital.

34.    Acting as integral participants, each with fundamental involvement in the violations of Plaintiff's rights described herein, Defendants unlawfully entered Plaintiff's residence, damaged and/or destroyed Plaintiff's personal property, and unlawfully searched Plaintiff's property without a warrant or other legal cause.  Defendants subjected Plaintiff to wrongful seizure and arrest without reasonable suspicion or probable cause.  And, Defendants subjected Plaintiff to the use of excessive force in the absence of any immediate threat, the absence of any objectively reasonable information that Plaintiff had committed any crime, and in the absence of any unlawful resistance by Plaintiff. There was no need to use any force against Plaintiff under these circumstances.

35.    At all times during Plaintiff's contact with Defendants, Plaintiff behaved peacefully and lawfully.  Plaintiff never possessed or displayed any weapon, nor did she threaten anyone in

any way.  Further, Plaintiff never resisted a lawful order and never attempted to escape (although she was never wanted for any crime).

36.     The force used by Defendants HILL, BARRY, STEPHENS, and DOE against Plaintiff  caused very severe injuries, was a very high level of force, and was unjustified and objectively unreasonable under the circumstances.

37.     Defendants' entry, search of Plaintiff's home, and seizure of Plaintiff's persons and property were unlawful in their inception and as unreasonably executed.  Defendants kicked down the front door of Plaintiff's house.  Defendants unreasonably destroyed property during the entry and search.  This included breaking a stone pillar on the porch with Plaintiff's leg.

38.     At all material times, Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was conducted unreasonably.  Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants HILL, BARRY, STEPHENS, DEGER, and possibly DOE decided to unlawfully seize and use force against Plaintiff, and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff.

39.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

40.     Plaintiff required medical treatment for her injuries Defendants caused, including multiple surgeries, and Plaintiff has incurred medical bills.

41.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a.   Significant physical injuries requiring medical treatment, including but not limited to: multiple contusions and abrasions; a closed displaced fracture of the medial malleolus of the left tibia; a closed displaced fracture of the lateral malleolus of the left tibia; a closed fracture of the posterior malleolus of the left tibia; and a syndesmotic disruption of the left ankle, all requiring surgeries and causing permanent disability.

b.   Wrongful searches and seizures;

c.   Unlawful invasions of their home and privacy;

d.   Violation of constitutional rights;

e.   Lost earnings and business opportunities;

f.   Medical expenses;

g.   Pain and suffering and emotional distress;

h.   All damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

42.   Plaintiff  timely and properly filed a tort claim pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

**COUNT ONE**
**-- 42 U.S.C. §1983 --**
**PLAINTIFF AGAINST DEFENDANTS SHIMADA, HILL, BARRY, DEGER, STEPHENS,**
**and DOES 1-10**

43.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

44.    By the actions and omissions described above, Defendants violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the First, Fourth and Fourteenth Amendments to U.S. Constitution:

    a.  The right to be free from government entry of home and real property without probable cause and a warrant as secured by the Fourth Amendment to the U.S. Constitution;

    b.  The right to be secure in one's person, house, papers, and effects against unreasonable searches and seizures as secured by the Fourth Amendment to the U.S. Constitution;

    c.  The right to be free from excessive and unreasonable force in the course of a seizure as secured by the Fourth Amendment to the U.S. Constitution; and

    d.  The rights to free exercise, on behalf of oneself and one's minor children, of rights to freedom of speech and expression, to counsel, to freedom from self-incrimination, to freedom from unreasonable invasion of home, and to freedom from unreasonable search and seizure, without retaliation or denial of equal protection of law as secured by the First Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

45.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

46.    Defendants' acts and/or omissions as set forth herein were the moving force behind, and proximately caused injuries and damages to Plaintiff as set forth at ¶41, above.

47.    The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. §1983 and California law.

48.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. §1988 and applicable California codes and laws.

## COUNT TWO
### - 42 U.S.C. §1983 (*Monell* and Supervisory Liability)–
### PLAINTIFF AGAINST DEFENDANTS CITY OF SANTA CLARA, CHIEF OF POLICE MICHAEL SELLERS, AND DOES 1-10

49.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

50.     On information and belief, the unconstitutional actions and/or omissions of Defendants, were pursuant to the following customs, policies, practices, and/or procedures of the SCPD and/or CITY OF SANTA CLARA, which were directed, encouraged, allowed, and/or ratified by DEFENDANT MICHAEL SELLERS and other policy making officers for the CITY OF SANTA CLARA and the SCPD:

a.     To unlawfully enter private property and homes without a warrant and without other legal basis, including training and permitting officers to do so based on non-existent "exceptions" to the Fourth Amendment;

b.     To use or tolerate the use of excessive and/or unjustified force;

c.     To permit or tolerate law enforcement actions (including uses of force, seizures, searches, issuance of criminal citations or use of unnecessarily harsh and aggressive tactics) in retaliation for individuals' exercise of protected rights;

d.     To cover-up violations of constitutional rights by any or all of the following:

i.     by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and unlawful seizures;

ii.     by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii.     by allowing, tolerating, and/or encouraging police officers to: fail to activate official cameras and recording devices before and during law enforcement actions, including home entries, seizures of persons and uses of force; fail to file complete and accurate police reports; file false police

reports; substantively copy other officer's reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

e. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

f. To fail to institute, require, and enforce necessary, appropriate and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and practices and procedures described in this Complaint and in sub-paragraphs (a) through (e), with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs; and

g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

51.     Defendants CITY OF SANTA CLARA, SELLERS, and DOES 1-10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

52.     The unconstitutional actions and/or omissions of Defendants, as described above, were approved, tolerated and/or ratified by Defendant SELLERS and other policy-making officers for the SCPD.  Plaintiff is informed and believes, and thereupon alleges, that the details of this incident have been revealed to the authorized policy makers within the CITY OF SANTA CLARA, and Plaintiff is further informed and believes, and thereupon alleges, that such policy makers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policy makers within the CITY OF SANTA CLARA, have approved of the conduct of Defendants, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions.  By doing so, the authorized policy makers of the CITY OF SANTA CLARA,

have shown affirmative agreement with each individual Defendant officer's actions, and have ratified the unconstitutional acts of the individual Defendant officers.

53.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants CITY OF SANTA CLARA, SELLERS, and DOES 1-10 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth in ¶ 44, above.

54.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

55.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants as described above, Plaintiff sustained serious injuries and is entitled to damages, penalties, costs and attorney fees as set forth in ¶¶ 46-48, above, and punitive damages against DEFENDANT SELLERS and DOES 1-10, in their individual capacities.  Plaintiff does not seek punitive damages against Defendant CITY.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**PLAINTIFF AGAINST DEFENDANTS SHIMADA, HILL, BARRY, STEPHENS, DEGER, DOES 1-10 AND CITY OF SANTA CLARA**

56.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

57.     By their acts, omissions, customs, and policies, Defendants SHIMADA, HILL, BARRY, STEPHENS, DEGER, and DOES 1-10, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.  The right to be free from government entry of home and real property without probable cause and a warrant as secured by the Fourth Amendment to the U.S. Constitution;

    b.  The right to be secure in one's person, house, papers, and effects against unreasonable searches and seizures as secured by the Fourth Amendment to the U.S. Constitution;

    c.  The right to be free from excessive and unreasonable force in the course of a seizure as secured by the Fourth Amendment to the U.S. Constitution; and

    d.  The right to free exercise, on behalf of oneself and one's minor children, of rights to freedom of speech and expression, to counsel, to freedom from self-incrimination, to freedom from unreasonable invasion of home, and to freedom from unreasonable search and seizure, without retaliation or denial of equal protection of law as secured by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution;

    e.  The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    f.  The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

58.     Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct constituting threats, intimidation, or coercion:

a.  Threatening Plaintiff with violence, including kicking in Plaintiff's door, in the absence of any threat presented by Plaintiff, or any justification whatsoever to enter Plaintiff's home;

b.  Conduct specifically defined as coercive in California Civil Code § 52.1(j), that is speech that "threatens violence against a specific person . . . and the person . . . against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat," i.e.: Defendant HILL yelling that he would kick in Plaintiff's door when he had no warrant or other legal right to do so;

c.  Unlawfully entering Plaintiff's home without a warrant or other legal right;

d.  Using a very high level of force against Plaintiff sufficient to cause, and that did cause, severe and permanent injuries, in the absence of any threat posed by Plaintiff or other substantial governmental need for such force;

e.  Handcuffing Plaintiff while she was severely injured and in extreme pain, in the absence of any indication that she posed an immediate threat to anyone's safety;

f.  Unlawfully searching and seizing Plaintiff and her residence;

g.  Continuing Plaintiff's arrest and custody long after the lack of legal basis to do so was or should have been obvious to Defendants, such that the officers' conduct became intentionally coercive and wrongful;

h.  To subject Plaintiff to retaliation for Plaintiff's previous assertion of her and her daughter's constitutional rights including the right to counsel, right to remain silent, and rights to the be free from unreasonable entry of her home and unreasonable seizure of her daughter without probable cause and a lawful warrant;

i.  Violating Plaintiff's rights to be free from multiple unlawful searches and seizures, including by wrongful entry to her home, wrongful search of her home, wrongful arrest, and excessive force. *See Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968 (2013).

59.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at ¶¶ 46-48, and punitive damages against Defendant law enforcement officers in their individual capacities, and all damages allowed by California Civil Code §§ 52, 52.1, and California

law, not limited to three times actual damages, costs, attorneys' fees, and civil penalties.  For this claim, the Defendant City of Santa Clara is vicariously liable for the conduct of its employees and agents pursuant to Cal. Gov. Code § 815.2

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**PLAINTIFF AGAINST ALL DEFENDANTS**

60.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

61.     At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

62.     At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

63.     These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

a.     to refrain from using excessive and/or unreasonable force against Plaintiff;

b.     to refrain from causing Plaintiff to be wrongfully arrested and/or detained;

c.     to refrain from unlawfully entering and searching Plaintiff's home;

d.     to refrain from abusing their authority granted them by law;

e.     to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

f.     to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

64.     Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants SELLERS and CITY OF SANTA CLARA (through its employees and agents) include but are not limited to the following specific obligations:

     a.     to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline SCPD employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

     b.     to make, enforce, and at all times act in conformance with policies and customs on behalf of the SCPD that are lawful and protective of individual rights, including Plaintiff's;

     c.     to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶ 50, above.

65.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

66.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 46-48 and punitive damages against all Defendant law enforcement officers under California law.  For this claim, the Defendant City of Santa Clara is vicariously liable for the conduct of its employees and agents pursuant to Cal. Gov. Code § 815.2.

**COUNT FIVE**
**-- ASSAULT AND BATTERY --**
**PLAINTIFF AGAINST DEFENDANTS HILL, BARRY, STEPHENS, DOES 1-10 AND**
**CITY OF SANTA CLARA**

67.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

68.     Defendants HILL, BARRY, STEPHENS, and DOES 1-10 offensively touched Plaintiff, including breaking Plaintiff's leg and handcuffing her, while Plaintiff was behaving lawfully.  This conduct as described herein constitutes assault and battery.  These Defendants also were integral participants in kicking down Plaintiff's door, which constitutes assault.

69.     The actions and omissions, customs, policies, and representations of Defendants, as described above, were intentional and reckless, harmful, threatening, and/or offensive, and a proximate cause of Plaintiff's damages.

70.     As a direct and proximate result of these Defendants' assault and battery, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 46-48, and punitive damages against Defendants HILL, BARRY, STEPHENS, and DOES 1-10 under California law. For this claim, the Defendants City of Santa Clara is vicariously liable for the conduct of their employees and agents pursuant to Cal. Gov. Code § 815.2.

1    WHEREFORE, Plaintiff respectfully requests the following relief against each and every

2  Defendant herein, jointly and severally:

3    a.    compensatory and exemplary damages in an amount according to proof and
          which is fair, just and reasonable;

4

5    b.    punitive damages under 42 U.S.C. §1983 and California law in an amount
          according to proof and which is fair, just, and reasonable (punitive damages
          are not sought against the City of Santa Clara);

6

7    c.    all other damages, penalties, costs, interest, and attorneys' fees as allowed by
          42 U.S.C. §§ 1983, and 1988; Cal. Code Civ. Proc. § 1021.5, Cal. Civil Code
          § 52 et seq., 52.1, and as otherwise may be allowed by California and/or
          federal law;

8

9

10    d.    Injunctive relief, including but not limited to the following:

11          i.    an order prohibiting Defendants City of Santa Clara and
                its Chief of Police from engaging in the unconstitutional
                customs, policies, practices, procedures, training and
                supervision as may be determined and/or adjudged by this
                case;

12

13

14          ii.    an order prohibiting Defendants and their law
                  enforcement officers from engaging in the "code of
                  silence" as may be supported by the evidence in this case;

15

16

17    e.    such other and further relief as this Court may deem appropriate.

18                        ***Plaintiff hereby requests a trial by jury.***

19

20  DATED: July 27, 2016                    HADDAD & SHERWIN LLP

21

22                                          /s/  *Michael J. Haddad*
                                            Michael J. Haddad
23                                          Attorneys for Plaintiff

24

25

26

27

28